## J. T. SMITH v. STATE.

No. A-6893. Opinion Filed September 28, 1929.
(281 Pac. 157.)

Howe & Howe, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with murder, was tried and found guilty of manslaughter in the first degree, and his punishment fixed at imprisonment in the state penitentiary for four years. Motion for new trial was filed, considered, and overruled, and the defendant has appealed to this court.

The testimony on behalf of the state tends to show that the defendant and the deceased had been having trouble from time to time. The deceased had insulted the mother of the defendant. On the day of the difficulty the deceased and defendant came to the town of Soper, the defendant passing the deceased on the road between their home and town. They arrived in town, and later on the defendant went into a store where the deceased was sitting by a stove, and said, "All right, Rennie," or words to that effect, and fired several shots into the body of the deceased, from the effects of which he died.

On behalf of the defendant, several witnesses testified as to his mental condition, and the court permitted expert testimony tending to show that the defendant had received a sunstroke in his early days, and had received

other injuries, which brought about a condition of defendant's mind that would cause him, when he became excited or mad, to forget what was going on, and not to realize the consequences of his acts. This is in substance the testimony of both the state and the defendant.

The defendant assigns four errors alleged to have been committed by the trial court. First, the verdict of the jury is contrary to the law and the evidence and is not based upon the evidence; second, the court erred in matters of procedure in the introduction of testimony over the objections of the defendant; third, the court committed reversible error in his failure to refuse to instruct the jury in favor of the defendant, for the reason that the state wholly failed to prove the corpus delicti, in that they failed to prove that Gene Ray died from the effects of the wounds inflicted by the defendant; and, fourth, the court permitted the county attorney to make certain remarks calculated to affect, and did affect, the substantial rights of the defendant at and during the trial of said case.

After a careful consideration of the assignment of errors, in connection with a study of the evidence in the case, we hold that evidence sufficient to sustain the judgment, and that no fundamental or prejudicial errors were committed in the trial of the case. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law.

The judgment of the trial court is affirmed.